IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| LEROY D. POPE, Plaintiff | ) | No. 06-446C |
| v. | ) | (Judge Williams) |
| THE UNITED STATES, Defendant. | ) | |

## DEFENDANT'S MOTION TO DISMISS

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests the Court to dismiss plaintiff's complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. In support of this motion, we rely upon the complaint, defendant's appendix, and the following brief.

## DEFENDANT'S BRIEF

## STATEMENT OF THE ISSUES

1. Whether Mr. Pope's claims regarding his separation from the Active Guard and Reserve ("AGR") program by the California National Guard should be dismissed for lack of subject matter jurisdiction.

2. Whether the Court should dismiss Mr. Pope's complaint for failure to state a claim upon which relief can be granted because neither the Army Discharge Review Board nor this Court have the authority to grant the relief requested.

## STATEMENT OF THE CASE

### I. Nature Of The Case

Plaintiff, Mr. Leroy Pope, is challenging the Army Discharge Review Board's ("ADRB")[1] denial of his application "to correct/reinstate military records for Separation of Sergeant First Class Leroy D. Pope." Complaint ("Compl.") 1. Mr. Pope also avers he was involved in a car accident "while engaged in hazardous service." Compl. ¶ ¶ 7, 8, 11, 25. Mr. Pope further asserts that this accident resulted in his alleged disability, and that he should have been placed on a disability list. Id. Mr. Pope claims that his injury occurred during a time of war, qualifying him for combat-related compensation. Compl. ¶¶ 7-8. Mr. Pope seeks to recover "$400,000 for backpay, veterans' benefits, disability and other issues subject to remuneration." Compl. ¶ 1.

### II. Statement of Facts and Procedural History

Mr. Pope was serving in the California National Guard's AGR program[2] as a recruiter, when he was recommended for separation from that program. Compl. ¶ 20. In April 2000, Mr. Pope's commanding officer, Lieutenant Colonel Daniel T. Smith, recommended to the Adjutant General of the California National Guard[3] that Mr. Pope be separated from the AGR program for recruiting improprieties, abusing government vehicle privileges, and having sexual relations with

[1] The Army Discharge Review Board is composed of five officers and has statutory authority to upgrade a discharge or to change the reason for a discharge. 10 U.S.C. § 1553.

[2] The AGR program refers to Army National Guard soldiers serving on full-time National Guard duty under 32 U.S.C. § 502(f) and is governed by National Guard Regulation (NGR) (AR) 600-5. Defendant's Appendix ("DA") 1-28.

[3] The Adjutant General of the California National Guard is the senior officer in the California National Guard and is responsible for implementing policies and procedures for managing AGR soldiers in the California National Guard, consistent with Army and National Guard Bureau policy. DA 3.

an applicant.[4] Compl. ¶ 20. Mr. Pope was separated from the AGR program on August 31, 2000. Compl. ¶ 4. After being separated from the AGR program Mr. Pope was transferred to the California Army National Guard in a non-active duty status. DA 101-102. On September 12, 2000, Mr. Pope was transferred to the retired reserve with an honorable discharge. DA 101.

On May 7, 2001, Mr. Pope filed a complaint, Pope v. California Army National Guard, et al, No. 01-04163, in the United States District Court for the Central District of California against the California National Guard, seeking compensation for his claimed wrongful involuntary separation from the AGR program. DA 29-42. On July 24, 2001, Mr. Pope filed an amended complaint adding an allegation that he was denied medical treatment for an injury in an automobile accident. DA 46-64. On August 13, 2001, the California National Guard filed a motion to dismiss and, on September 28, 2001, the district court granted the California National Guard's motion to dismiss with prejudice. DA 65-91. During the district court proceedings Mr. Pope represented himself pro se and did not submit a response to the Government's motion to dismiss. Id. Mr. Pope filed his complaint before this Court on June 6, 2006.

## SUMMARY OF THE ARGUMENT

The complaint should be dismissed for lack of subject matter jurisdiction because Mr. Pope fails to identify a money-mandating statute providing for jurisdiction under the Tucker Act. Additionally, this Court lacks jurisdiction to overturn the California National Guard's

[4] Separation from the AGR program relates to release from Full-Time National Guard Duty, not discharge from the National Guard. DA 15, ¶ 6-1. The Adjutant General is the final separation authority for AGR soldiers, based on recommendations from the AGR soldier's commander. Id. at 17-18, ¶¶ 6-1(a), 6-5(b)(2). The AGR soldier has the right to rebut the commander's recommendation in writing, but there is no right to a hearing. Id., ¶¶ 6-5(b)(3).

decision to involuntarily separate Mr. Pope from the AGR program, as it is a nonjusticiable military personnel decision. The Court also lacks jurisdiction over Mr. Pope's veterans' disability benefits claim; disability retirement claim; and constitutional claims. Furthermore, Mr. Pope fails to state a claim upon which relief can be granted because the ADRB and this Court lack the authority to grant the requested relief.

## ARGUMENT

### I. The Court Does Not Have Subject Matter Jurisdiction Over Mr. Pope's Claims

#### A. Standard of review

Subject matter jurisdiction may be challenged at any time by the parties, by the court sua sponte, or on appeal. Booth v. United States, 990 F.2d 617, 620 (Fed. Cir. 1993); United States v. Newport News Shipbuilding & Dry Dock Co., 933 F.2d 996, 998 n.1 (Fed. Cir. 1991). The burden of establishing the Court's subject matter jurisdiction rests with the party seeking to invoke it. Wilson v. United States, 58 Fed. Cl. 760, 762 (2003), aff'd, 405 F.3d 1002 (Fed. Cir. 2005). "Determination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." Holley v. United States, 124 F.3d 1462, 1465 (Fed. Cir. 1997) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1 (1983)). Further, the Court may consider all relevant evidence, including evidence outside the pleadings when resolving a jurisdictional challenge. Wilson, 58 Fed. Cl. at 762. "Conclusory allegations of law and unwarranted inferences of fact do not suffice to support a claim." Bradley v. Chiron Corp., 136 F.3d 1317, 1322 (Fed. Cir. 1998).

This Court is a court of limited jurisdiction. Dynalectron Corp. v. United States, 4 Cl. Ct. 424, 428 (1984). Its jurisdiction to entertain claims and to grant relief depends upon, and is circumscribed by, the extent to which the United States has waived its sovereign immunity. United States v. Testan, 424 U.S. 392, 399 (1976). The waiver of sovereign immunity, and hence the consent to be sued, must be expressed unequivocally and cannot be implied. Id. Jurisdiction in this Court must be construed strictly and all conditions placed upon such a grant must be satisfied before the Court may accept jurisdiction. United States v. Mitchell, 445 U.S. 535, 538 (1980). As the United States Court of Appeals for the Federal Circuit has stated: "In construing a statute waiving the sovereign immunity of the United States, great care must be taken not to expand liability beyond that which was explicitly consented to by Congress." Fidelity Construction Co. v. United States, 700 F.2d 1379, 1387 (Fed. Cir. 1983).

In this Court, consent to suit is generally based upon the Tucker Act, 28 U.S.C. § 1491. Testan, 424 U.S. at 397. Pursuant to this statute, sovereign immunity is waived only with respect to "claim[s] against the United States" that are "founded either upon the Constitution or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act, however, does not create any substantive right of recovery against the United States for money damages. United States v. Testan, 424 U.S. at 398; United States v. Mitchell, 445 U.S. at 538. Rather, the Tucker Act merely confers jurisdiction upon the Court when a substantive right in one of the listed categories already exists. United States v. Testan, 424 U.S. at 398; United States v. Connolly, 716 F.2d 882 (Fed. Cir. 1983) (en banc); Metz v. United States, 2006 U.S. App. LEXIS 23683, at *10 (Fed. Cir. Sept. 18,

2006). Thus, unless alleging a contract claim, a claimant must look beyond this jurisdictional statute and establish some substantive provision of law, regulation, or the Constitution, which can fairly be construed as mandating compensation, to state a claim within the jurisdiction of this Court. United States v. Mitchell, 445 U.S. at 538; United States v. Connolly, 716 F.2d at 885. The source must be "money-mandating." Metz, 2006 U.S. App. LEXIS at *10 (citing Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc portion)) "[T]he absence of a money-mandating source . . . [is] fatal to the court's jurisdiction under the Tucker Act." Fisher, 402 F.3d at 1173.

### B. Mr. Pope Fails To State A Money-Mandating Statute As A Source Of Jurisdiction Under The Tucker Act

Mr. Pope's complaint appears to rely on the Back Pay Act, 5 U.S.C. § 5596, as the alleged money-mandating basis for this Court's jurisdiction. Compl. ¶ 9. Mr. Pope's reliance on the Back Pay Act is misplaced, as it applies to civil service employees, not members of the Armed Forces. See 5 U.S.C. §§ 2101, 2105.[5] Mr. Pope avers he was serving as a reservist in the AGR and was discharged from active service with the California National Guard. Compl. ¶¶ 6, 15, 20. Accordingly, plaintiff's reliance on the Back Pay Act as a money-mandating statute is improper, as he was not a civil service employee.

Although Mr. Pope has not himself identified a money-mandating statute that properly supports his back pay claim, there are two possible money-mandating statutes that provide a basis for his back pay claim under the Tucker Act: 37 U.S.C. §§ 204(a) and 206(a). See Green v.

---

[5] Employee is defined as "an officer and an individual who is . . . appointed in the civil service." 5 U.S.C. § 2105. The "civil service" does not include the "positions in the uniformed services." 5 U.S.C. § 2105.

United States, 65 Fed. Cl. 375, 379 (2005). "As this Court's and the Federal Circuit's precedents acknowledge, 'the military pay statutes [and] the military's administration of those statutes, . . . recognize that there are two basic categories of pay entitlements for military service." Id. at 380 (quoting Palmer v. United States, 168 F.3d 1310, 1313 (Fed. Cir. 1999). "The first category covers members of the uniformed services who are either on active duty or are 'participating in full-time training . . . or other full-time duty' so long as they are not a member of the Reserve." Id. (quoting 37 U.S.C. § 204(a)). Full time active duty service members are entitled to the pay corresponding to their rank until they are properly separated from the service. Id. Because Mr. Pope was a member of the Reserve, his service does not fall under this money-mandating statute.

This Court has also determined that a National Guardsman serving on full-time active duty pursuant to 32 U.S.C. § 502(f) may not rely on 37 U.S.C. § 204(a)(1) as the money-mandating statue for a claim for back pay and reinstatement into active duty after he has been involuntarily separated from his tour of duty. Pohanic v. United States, 48 Fed. Cl. 166, 166 (Fed. Cl. 2000). In Pohanic, the plaintiff was involuntarily separated from a AGR tour, just as Mr. Pope was involuntarily separated from an AGR tour. Id. at 167; Compl., p. 10, ¶ 20. After being denied review by the Air Force Board for Correction of Military Records ("ABCMR"), Mr. Pohanic sued, claiming back pay pursuant to 37 U.S.C. § 204(a)(1). Pohanic, 48 Fed. Cl. at 167. The Court ruled that "when entitlement to pay is predicated on performance of duties, a serviceman cannot state a claim for back pay for duties not performed, whether the lack of performance is voluntarily or involuntarily." Id. "Because entitlement to pay under section 206(a)(1) & (2) is contingent on performance of duty it does not mandate pay when a member

fails to perform his duties 'whether the failure to drill was by election of the member, or by decision of the service involved.'" Id. at 167-68 (quoting Palmer, 168 F.3d at 1314). Because Mr. Pope was involuntarily separated from the AGR program by the California National Guard, he is not entitled to back pay for duties not performed.

The second category of pay entitlement covers those service members who do not serve on full-time active duty status. Green, 65 Fed. Cl. at 379. Members of the Reserve or the National Guard, are only "entitled to compensation for . . . each regular period of instruction, or period of appropriate duty, at which the member is engaged in for at least two hours." Green, 65 Fed. Cl. at 379 (quoting 37 U.S.C. § 206(a)). The only exception to this rule is for service members who were scheduled to perform duties, but were unable to due to a physical disability resulting from an injury, illness, or disease that was incurred in the line of duty. Id. Although Mr. Pope claims he was disabled in a traffic accident while in the line of duty, he does not claim that he was scheduled to perform duties, only that he was unable to perform duties due to the disability. Compl. ¶¶ 6, 25. Mr. Pope was not scheduled to perform duties because of his involuntary separation from the AGR program. Therefore, the reason that Mr. Pope did not perform duties after his involuntary separation from the AGR program was not due to disability, it was due to the separation itself. As 37 U.S.C. § 206(a) does not constitute a money-mandating statute regarding Mr. Pope's Tucker Act claim, this Court lacks jurisdiction because he was not performing his duty during the time after his separation from the AGR program. Pohanic, 48 Fed. Cl. at 168. As there is no applicable money-mandating statute, Mr. Pope's request for reinstatement or other ancillary relief must also be denied with prejudice. Pohanic, 48 Fed. Cl. at 168; Palmer, 168 F.3d at 1314.

**C. <u>This Court Lacks Jurisdiction To Review Veterans Disability Claims</u>**

Mr. Pope avers he was disabled in the line of duty and is entitled to veterans' benefits. Compl. ¶ 6. Mr. Pope cites the definition of "service connected" for Title 38 as support for this contention. <u>Id.</u>; 38 U.S.C. 101(16). However, Mr. Pope has failed to establish that this Court has jurisdiction with regard to veterans' benefits. Generally, to be entitled to veterans' benefits under Title 38, a specific claim must be filed. 38 U.S.C. § 5101(a). Final decisions by the Secretary of Veterans Affairs regarding a claim are appealable to the Board of Veterans Appeals. 38 U.S.C. § 7104. The Court of Appeals for Veterans Claims has exclusive jurisdiction to review the decisions of the Board of Veterans Appeals. 38 U.S.C. § 7252. Decisions of the Court of Appeals for Veterans Claims are subject to review by the United States Court of Appeals for the Federal Circuit. 38 U.S.C. § 7292. This Court does not have jurisdiction to review a claim of veterans' benefits. In fact, Mr. Pope has failed to allege that he has even filed such a claim. Accordingly, this Court has no jurisdiction regarding his claims for veterans' benefits related to his alleged disability.

Mr. Pope also avers he qualifies for combat-related special compensation under 10 U.S.C. § 1413(a). Compl. ¶ 8. However, the allegations in Mr. Pope's complaint do not indicate he qualifies as having a combat-related disability. To qualify for compensation as a combat-related disability, the disability must be related to an injury for which the member was awarded the Purple Heart, or was incurred as a direct result of armed conflict, while engaged in hazardous service, or in the performance of duty under conditions simulating war, or through an instrumentality of war. 10 U.S.C. § 1413a(e). Mr. Pope claims that he was injured while driving on the streets of California, which constitutes "one of the most hazardous places to drive in the

country." Compl. ¶ 8. This does not constitute hazardous service. The Department of Defense defines the term "while engaged in hazardous service," under 10 U.S.C. § 1413a, to include "aerial flight, parachute duty, demolition duty, experimental stress duty, and diving duty." DA 92-95. The term receives further clarification that "[a] finding that a disability is the result of such hazardous service requires that the disability be the direct result of actions taken in the performance of such service. Travel to or from such service, or actions incidental to a normal duty status not considered hazardous are not included." DA 96-100. Mr. Pope was traveling while on recruiting duties. These duties clearly do not satisfy the requirements of 10 U.S.C. § 1413a.

### D. This Court Does Not Have Jurisdiction Over Mr. Pope's Disability Retirement Claim

Mr. Pope also claims he is entitled to retirement benefits or severance pay due to his alleged disability. Compl. ¶ 11. This Court "has no jurisdiction over disability retirement claims until a military board evaluates a service member's entitlement to such retirement in the first instance." Chambers v. United States, 417 F.3d 1218, 1225 (Fed. Cir. 2005). Disability retirement cases are governed by 10 U.S.C. § 1201. Jurisdiction over disability retirement claims "is conferred by Congress, not on this court, but on retiring boards and the Secretaries of the three armed services, to decide an officer's right to retirement for physical disability, and his consequent right to retired pay." Id. at 1224-25 (citation omitted). Claims of entitlement to disability retirement pay do not accrue until the appropriate military board either finally denies, or refuses to hear, a disability retirement claim. Id. at 1224 (citing Real v. United States, 906 F.2d 1557, 1560 (Fed. Cir. 1990)). Mr. Pope does not plead that his disability retirement claim

was either finally denied by an appropriate military board, or that such a board refused to hear his claim. Because review by a military correction board is mandatory for disability retirement cases, Mr. Pope' case should be "'dismissed as premature on the ground that the [he] did not seek or obtain a final decision within the administrative hierarchy.'" Id. at 1225 (quoting Friedman v. United States, 310 F.2d 381, 396 (Ct. Cl. 1962)).

**E. This Court Does Not Have The Jurisdiction To Reinstate Mr. Pope**

As established above, this Court is without jurisdiction to award Mr. Pope backpay, retirement, disability and veterans' benefits. Mr. Pope also requests the Court "correct/reinstate [his] military records." Compl. page 1; Compl. ¶¶ 29-30. Presumably, Mr. Pope appears to be seeking reinstatement into the military. Id. Upon being separated from the AGR program Mr. Pope was transferred from the AGR program to the California Army National Guard in a non-active duty status. DA 101-102. Mr. Pope was ultimately transferred to the retired reserve with an honorable discharge. DA 101. This Court lacks the authority to "reinstate" Mr. Pope into the AGR program. See Orloff v. Willoughby, 345 U.S. 83, 94 (1953) ("While the courts have found occasion to determine whether one has been lawfully inducted and is therefore within the jurisdiction of the Army and subject to its orders, we have found no case where this Court has assumed to revise duty orders as to one lawfully in the service."); Murphy v. United States, 993 F.2d 871, 874 (Fed. Cir. 1993) ("The merits of the Air Force's decision to release [this officer] from active duty are beyond judicial reach."); Heisig v. United States, 719 F.2d 1153, 1156 (Fed. Cir. 1983) ("Responsibility for determining who is fit or unfit to serve in the armed services is not a judicial province . . . ."). Accordingly, this Court lacks jurisdiction to reinstate Mr. Pope to the AGR program.

**F. This Court Does Not Have Jurisdiction Over Mr. Pope's Constitutional Claims**

Mr. Pope further alleges that his constitutional rights were violated.[6] Compl. ¶ 17. However, absent another jurisdictional basis, this Court lacks jurisdiction to hear claims based solely on alleged constitutional violations. Hamlet v. United States, 873 F.2d 1414, 1416-17 (Fed. Cir. 1989) ("'[T]he first amendment, standing alone, cannot be . . . interpreted to command the payment of money,' and therefore cannot support the Claims Court's jurisdiction under the Tucker Act. The same holds true for the due process clause of the fifth amendment.") (quoting United States v. Connolly, 716 F.2d 882, 887 (Fed. Cir. 1983) (en banc)). It is well settled that, absent an independent basis for an award of damages, an alleged violation of the constitutional guarantee of due process by the Fifth and Fourteenth Amendments does not provide the Court of Federal Claims with jurisdiction. See Crocker v. United States, 125 F.3d 1475, 1476 (Fed. Cir. 1997); Montalvo v. United States, 231 Ct. Cl. 980, 982-83 (1982); Inupiat Community v. United States, 230 Ct. Cl. 647, 662, 680 F.2d 122, 132 (1982); Werner v. United States, 218 Ct. Cl. 746, 749 (1978); Walton v. United States, 213 Ct. Cl. 755, 757 (1977); LaChance v. United States, 15 Cl. Ct. 127, 130 (1988); Cabrera v. United States, 10 Cl. Ct. 219, 221-222 (1986). Therefore, the due process clause of the Fifth and Fourteenth Amendments does not trigger Tucker Act jurisdiction in this Court. McCauley v. United States, 38 Fed. Cl. 250, 266 (1997), aff'd, 152 F.3d 948 (Fed. Cir. 1998). Based upon the well-settled precedent in this area of law, the constitutional claims raised by Mr. Pope are clearly beyond the jurisdictional reach of this

[6] Mr. Pope also avers that this Court has jurisdiction to entertain collateral attacks for adverse actions taken under the Uniform Code of Military Justice. Compl. ¶ 12. However, as no adverse actions were taken against Mr. Pope under the Uniform Code of Military Justice, this jurisdictional basis is inapplicable.

Court.

## II. Mr. Pope Fails To State A Claim Upon Which Relief Can Be Granted

### A. Standard for a Rule 12(b)(6) Motion To Dismiss

A motion to dismiss pursuant to RCFC 12(b)(6) for failure to state a claim upon which relief can be granted is appropriate when the plaintiff's alleged facts do not entitle him to a remedy. Perez v. United States, 156 F.3d 1366, 1370 (Fed. Cir. 1998). Dismissal pursuant to RCFC 12(b)(6) is proper when it is apparent that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Ponder v. United States, 117 F.3d 549, 552 (Fed. Cir. 1997) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). A case dismissed pursuant to RCFC 12(b)(6) is considered a dismissal on the merits. Id. at 552-53.

### B. The ADRB Did Not Have The Authority To Grant Mr. Pope's Requested Relief

Apparently, Mr. Pope requested that the ADRB grant him the same type of relief - backpay, retirement and veterans' benefits, disability benefits, and reinstatement to his last duty status - that he seeks before this Court. Compl. ¶¶ 3, 8, 11, 25, 29, 30. The ADRB is established under 10 U.S.C. § 1553, which directs the military secretaries to establish a board to review the discharge or dismissal of former servicemembers. 10 U.S.C. § 1553.[7] The ADRB has the authority to "change a discharge or dismissal, or issue a new discharge, to reflect its findings." Id. Army Regulation 15-180 establishes the procedures for the ADRB. DA 103-105. An applicant before the ADRB may request a change in the character of discharge, a change in the

[7] As noted by Mr. Pope, Compl, ¶ 3, he could have appealed the ADRB decision to the ABCMR. 10 U.S.C. § 1552. The ABCMR has much broader authority to grant relief than the ADRB. Id. ("The Secretary of a military department may correct any military record . . . [when] necessary to correct an error or remove an injustice.")

reason for discharge, or both, DA 106-107. Based on the ADRB's limited authority, it may not reinstate a servicemember or determine that discharge was improper, as requested by Mr. Pope. See Scarseth v. United States, 52 Fed. Cl. 458, 484 n.6 (2002) (the ADRB does not have the authority to reverse or vacate a discharge); Colon v. United States, 71 Fed. Cl. 473, 481 n.13 (2006) (the power of the ADBR is limited to reviewing a soldier's discharge or dismissal, while the ABCMR has the authority to correct any aspect of a soldier's military record). As the ADRB does not have the authority to grant Mr. Pope's requested relief, this Court should dismiss Mr. Pope's complaint for failure to state a claim upon which relief can be granted.

## CONCLUSION

For these reasons, the United States respectfully requests this Court to dismiss plaintiff's complaint for lack of subject matter jurisdiction and/or for failure to state a claim upon which relief can be granted.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s/ Bryant G. Snee
BRYANT G. SNEE
Assistant Director

/s/ Elizabeth Thomas
ELIZABETH THOMAS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street
Washington, D.C. 20530
tel: (202) 353-4175
fax: (202) 307-0972

Attorneys for Defendant

OF COUNSEL:

LT. COL. JOSEPH FETTERMAN
MAJOR JERRETT DUNLAP
United States Army Litigation Division
Military Personnel Branch
901 N. Stuart Street, Suite 400
Arlington, VA 22203-1837

December 20, 2006

CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2006 a copy of the foregoing "DEFENDANT'S MOTION TO DISMISS" was filed electronically. I understand that the notice of filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Elizabeth Thomas