

# Department of Defense
# INSTRUCTION

NUMBER 1332.38
November 14, 1996

*Incorporating Change 1, July 10, 2006*
ASD(FMP)

SUBJECT:  Physical Disability Evaluation

References:  (a)  DoD Directive 1332.18, "Separation or Retirement for Physical Disability," November 4, 1996
 (b)  Title 10, United States Code
 (c)  Sections 3502, 5532, 6303, and 18332 of title 5, United States Code
 (d)  Sections 206 and 502 of title 37, United States Code
 (e)  through (k), see enclosure 1

1. PURPOSE

This Instruction implements policy, assigns responsibilities, and prescribes procedures under References (a) and (b) for:

   1.1.  Retiring or separating Service members because of physical disability.

   1.2.  Making administrative determinations under references (c) and (d) for Service members with Service-incurred or Service aggravated conditions.

   1.3.  Authorizing a fitness determination for members of the Ready Reserve who are ineligible for benefits under reference (b) because the condition is unrelated to military status and duty.

2. APPLICABILITY

This Instruction applies to the Office of the Secretary of Defense (OSD), the Military Departments (including the Coast Guard when it is operating as a Military Service in the Navy), the Chairman of the Joint Chiefs of Staff, and the Combatant Commands (hereafter referred to collectively as "the DoD Components").  The term "Military Services," as used herein, refers to the Army, the Navy, the Air Force and the Marine Corps.

*DoDI 1332.38, November 14, 1996*

E3.P5.1.3.2. Korea. The period beginning 27 June 1950 and ending 31 January 1955.

E3.P5.1.3.3. Vietnam. The period beginning 5 August 1964 and ending 7 May 1975. The "Dominican Intervention" occurred during this period.

E3.P5.1.3.4. Persian Gulf. The period beginning 2 August 1990 through date to be prescribed by Presidential proclamation or law.

E3.P5.2. <u>Determinations for Federal Tax Benefits</u>.

Physical disability evaluation shall include a determination and supporting documentation on whether the member's physical disability compensation is excluded from Federal gross income under 26 U.S.C. 104 (reference (f)). For compensation to be excluded, the member must meet either of the criteria listed in subsection E3.P5.2.1. or E3.P5.2.2., below.

E3.P5.2.1. <u>Status</u>. On 24 September 1975 the individual was a member of the Armed Forces, to include the Reserve components, the National Oceanic and Atmospheric Administration (NOAA and formerly the Coast and Geodetic Survey), the U.S. Public Health Service, or was under binding written agreement to become such a member.

E3.P5.2.1.1. A Service member who was a member of an Armed Force of another country on that date is entitled to the exclusion.

E3.P5.2.1.2. A Service member who was a contracted cadet of the Reserve Officers Training Corps on that date is entitled to the exclusion.

E3.P5.2.1.3. Entitlement to the exclusion is based solely on the member's status on that date. A member who separates from the Service after that date and incurs a disability during a subsequent enlistment is entitled to the exclusion.

E3.P5.2.2. <u>Combat-related</u>. This standard covers those injuries and diseases attributable to the special dangers associated with armed conflict or the preparation or training for armed conflict. A physical disability shall be considered combat-related if it makes the member unfit or contributes to unfitness and was incurred under any of the circumstances listed in paragraphs E3.P5.2.2.1. through E3.P5.2.2.4., below.

E3.P5.2.2.1. As a direct result of armed conflict. The criteria are the same as in paragraph E3.P5.1.2., above.

E3.P5.2.2.2. While engaged in hazardous service. Such service includes, but is not limited to, aerial flight duty, parachute duty, demolition duty, experimental stress duty, and diving duty.

*DoDI 1332.38, November 14, 1996*

  E3.P5.2.2.3.  Under conditions simulating war.  In general, this covers disabilities resulting from military training, such as war games, practice alerts, tactical exercises, airborne operations, leadership reaction courses; grenade and live fire weapons practice; bayonet training; hand-to-hand combat training; repelling, and negotiation of combat confidence and obstacle courses.  It does not include physical training activities, such as calisthenics and jogging or formation running and supervised sports.

  E3.P5.2.2.4.  Caused by an instrumentality of war.  Incurrence during a period of war is not required.  A favorable determination is made if the disability was incurred during any period of service as a result of such diverse causes as wounds caused by a military weapon, accidents involving a military combat vehicle, injury, or sickness caused by fumes, gases, or explosion of military ordnance, vehicles, or material.  However, there must be a direct causal relationship between the instrumentality of war and the disability.  For example, an injury resulting from a Service member falling on the deck of a ship while participating in a sports activity would not normally be considered an injury caused by an instrumentality of war (the ship) since the sports activity and not the ship caused the fall.  The exception occurs if the operation of the ship caused the fall.

*DoDI 1332.38, November 14, 1996*

E3.P6. ENCLOSURE 3 PART 6

TDRL MANAGEMENT

E3.P6.1. Placement on the TDRL.

Service members shall be placed on the TDRL when they would be qualified for permanent disability retirement but for the fact that the member's disability is not determined to be of a permanent nature and stable.

E3.P6.1.1. A disability shall be considered unstable when the preponderance of medical evidence establishes that accepted medical principles indicates the severity of the condition will change within the next five years so as to result in an increase or decrease of the disability rating percentage or a finding of fit.

E3.P6.1.2. Except for cases processed under imminent death procedures, members with unstable conditions rated at a minimum of 80 percent and which are not expected to improve to less than an 80% rating, shall be permanently retired.

E3.P6.2. TDRL Reevaluation

E3.P6.2.1. Administrative Finality. During TDRL reevaluation, previous determinations concerning application of any presumption established by this Instruction, line of duty, misconduct, proximate result, and whether a medical impairment was service-incurred or preexisting and aggravated shall be considered administratively final for those conditions for which the member was placed on the TDRL unless there is evidence of fraud; a change of diagnosis that warrants the application of accepted medical principles for a preexisting condition; or correction of error in favor of the member.

E3.P6.2.2. New Diagnoses. A fitness and compensable determination shall be made on all diagnoses presenting during the period of TDRL evaluation. When a member is determined fit for the condition for which he or she was placed on the TDRL, but unfit for a noncompensable condition incurred while on the TDRL, the member shall be separated from the TDRL without entitlement to disability benefits.

E3.P6.2.3. Member Medical Records. The Service member shall provide to the examining physician, for submission to the PEB, copies of all his or her medical records (civilian, Department of Veterans Affairs, and all military medical records) documenting treatment since the last TDRL reevaluation.

E3.P6.2.4. Compensability of New Diagnoses. Conditions newly diagnosed during TDRL periodic physical examinations shall be compensable when:

E3.P6.2.4.1. The condition is unfitting; and

# APPLICATION FOR COMBAT-RELATED SPECIAL COMPENSATION (CRSC)

## PRIVACY ACT STATEMENT

**AUTHORITY:** 10 U.S.C. 1413a, E.O. 9397, November 1943 (SSN), PDUSD(P&R) Memorandum (May 21, 2003), Subject: Combat-Related Special Compensation (CRSC).

**PRINCIPAL PURPOSE(S):** Used by members to apply for Combat-Related Special Compensation (CRSC). Application is reviewed to determine eligibility. Information provided by the member is used to identify the individual and the member's service record, determine eligibility for Combat-Related Special Compensation under 10 U.S.C. 1413a, and determine the amount and effective date of payment.

**ROUTINE USE(S):** Information may be provided to the Department of Veterans Affairs (VA) for these purposes; to the Internal Revenue Service with respect to matters relating to an individual's tax status, and to the Department of Justice or state or local governments when a question of conflicting interest is raised concerning a member's declaration and application for compensation.

**DISCLOSURE:** Voluntary; however, failure to provide any required information may result in member not being considered eligible for Combat-Related Special Compensation.

## COMPLETE THE FORM CAREFULLY AND ACCURATELY.

**GENERAL INSTRUCTIONS.**

Complete and submit this form to apply for Combat-Related Special Compensation (CRSC). Print, type, or use a computer and provide the best information available. If you don't know the answer, enter "Don't Know" or "DK" - do not leave any item blank.

**If you need assistance** to complete this form, contact your Uniformed Service Retirement Representative or go to the web site https://www.dmdc.osd.mil/crsc/ for additional information and assistance.

Sign and date your application. Enclose with your application a clean legible copy of any supporting documents. **DO NOT SEND ANY ORIGINAL DOCUMENTS, AS THEY WILL NOT BE RETURNED.**

Send your application package to the address listed below for the Uniformed Service from which you retired.

**ARMY:**

U.S. Total Army Personnel Command
U.S. Army Physical Disability Agency (CRSC)
c/o The Adjutant General Directorate
2461 Eisenhower Avenue
Alexandria, VA 22331-0470

**NAVY AND MARINE CORPS:**

Department of the Navy
Naval Council of Personnel Boards
Combat-Related Special Compensation Branch
720 Kennon Street S.E., Suite 309
Washington Navy Yard, DC 20374-5023

**AIR FORCE:**

United States Air Force
Disability Division (CRSC)
550 C Street West, Suite 6
Randolph AFB, TX 78150-4708

**COAST GUARD:**

Commander (adm-1-CRSC)
U.S. Coast Guard
Personnel Command
4200 Wilson Boulevard
Arlington, VA 22203-1804

**NOAA CORPS:**

Director, Commissioned Personnel Center
SSMC3/Room 12100
1315 East West Highway
Silver Spring, MD 20910

**PUBLIC HEALTH SERVICE:**

United States Public Health Service
Division of Commissioned Personnel
Office of the Director, Room 4A-15
5600 Fishers Lane
Rockville, MD 20857-0001

DD FORM 2860 TEST, MAY 2003                                                                                     Page 1 of _____ Pages

| APPLICATION FOR COMBAT-RELATED SPECIAL COMPENSATION (CRSC) |
|---|

## SECTION I - PERSONAL IDENTIFICATION

| 1. NAME (Last, First, Middle Initial) | 2. MAILING ADDRESS AND CONTACT INFORMATION |
|---|---|
| | a. STREET (Include apartment number) |
| 3.a. SOCIAL SECURITY NUMBER / b. SERVICE NUMBER (If different) | b. CITY / c. STATE / d. ZIP CODE |
| 4. DATE OF BIRTH (YYYYMMDD) / 5. RETIRED RANK/PAY GRADE | e. DAYTIME TELEPHONE NO. (Include area code) / f. E-MAIL ADDRESS (Optional) |
| 6.a. UNIFORMED SERVICE FROM WHICH YOU RETIRED | |
| b. OTHER UNIFORMED SERVICE(S) IN WHICH YOU SERVED | 7. YEAR RETIRED (YYYY) |

8. DID YOU RETIRE UNDER MILITARY DISABILITY RETIREMENT PROVISIONS (Chapter 61 of Title 10, U.S. Code)?  ☐ YES  ☐ NO

## SECTION II - PRELIMINARY CRSC CRITERIA
**NOTE:** You must meet <u>ALL</u> criteria of this section or your application will be denied.

9. ANSWER ONLY THE <u>ONE</u> PART THAT APPLIES TO YOUR RETIREMENT:

   a. FOR REGULAR OR DISABILITY RETIREMENTS ONLY. Do you have 20 or more years of service creditable for the computation of the amount of your retired pay?  ☐ YES  ☐ NO

   b. FOR NON-REGULAR (RESERVE) RETIREMENT (Retired pay based on points) ONLY. Did you have 7,200 points or more for the computation of retired pay?  ☐ YES  ☐ NO

10. ARE YOU IN A RETIRED STATUS (i.e., are you on the retired rolls, or have you been transferred to the Fleet Reserve or Fleet Marine Corps Reserve)?
    Members recalled to, or retained on, active duty are not in a retired status during the period of such recall or retention.  ☐ YES  ☐ NO

11. ARE YOU ENTITLED TO RETIRED PAY?
    YES - Includes members who have waived military retired pay in order to receive VA disability compensation.
    NO - Includes members who have waived military retired pay in order to credit military service for purposes of a civil service retirement, or for any reason other than to receive disability compensation from the VA.  ☐ YES  ☐ NO

12. ANSWER ALL PARTS:

    a. Have you been awarded a Purple Heart AND do you receive VA disability compensation based on a combined disability rating of at least 10%?  ☐ YES  ☐ NO

    b. Do you receive VA disability compensation based on a current combined disability rating of at least 60%?  ☐ YES  ☐ NO

    c. Have you been awarded a Purple Heart AND did you receive a combined disability rating from the Secretary of a Military Department, as of the date on which you retired from the Military Department, of at least 10%?  ☐ YES  ☐ NO

    d. Did you receive a combined disability rating from the Secretary of a Military Department, as of the date on which you retired from the Military Department, of at least 60%?  ☐ YES  ☐ NO

If you answered Yes to Items 9, 10, 11, and at least one part of Item 12, you appear to meet the Preliminary CRSC Criteria and you should continue to Section III. Otherwise, do not complete the application, but you may apply later if your circumstances change and you meet the Preliminary CRSC Criteria.

## SECTION III - FINAL CRSC CRITERIA

**ORIGIN OF DISABILITIES COMPENSATED BY THE VA**

Final CRSC criteria require either a Purple Heart related injury rated at or above 10%, or combat-related injuries with a combined rating at or above 60%. If you believe you meet one of these Final CRSC Criteria, you should complete the application. If you do not believe you meet one of these final criteria, you should not complete the application, but you may apply later if your circumstances change and you believe you meet these Final CRSC Criteria.

In this section list your VA service-connected disabilities and provide information and codes that address the disability and how it was incurred. The "Origin of Disability Codes" are fully defined at the end of this section. A four-digit Medical Diagnosis Code from the VA Schedule of Rating Disabilities (VASRD) is associated with every VA disability. Begin on the first Section III page with your first disability and use a separate block for each additional disability.

DD FORM 2860 TEST, MAY 2003                                                                                           Page 2 of _____ Pages

| SECTION III - FINAL CRSC CRITERIA *(Continued)* |
|---|

Complete this section to the best of your ability. If you are unable to answer any of these questions, enter "Don't Know" or "DK". If necessary, list other disabilities on additional copies of this page, including your name and Social Security Number. If you don't have extra copies of this page, use a blank piece of paper, list your full name and SSN, and label and enter the information for Items 13.a.(1), a.(2), b., c., d., e., f., and g. Enter a page number for each page completed: Page ___ of ___ . (e.g., if you have this and 3 additional pages, enter Page 1 of 4.)

| NAME *(Last, First, Middle Initial)* | SOCIAL SECURITY NUMBER |
|---|---|
| | |

**13. FOR EACH OF YOUR DISABILITIES THAT IS RATED BY THE VA, PROVIDE THE FOLLOWING INFORMATION:**
*(Complete one Item 13 block for each disability that is rated by the VA.)*

**(1)**

a. (1) MEDICAL DIAGNOSIS CODE *(4 digit code of VA award)*

a. (2) PART OF BODY AFFECTED AND NATURE OF THE DISABILITY

b. CURRENT VA RATING OF THIS DISABILITY

c. ORIGIN OF DISABILITY CODE *(see list below)*. Select the ONE code that BEST describes the circumstances under which the disability was incurred. If it applies, use Purple Heart (PH) in preference to any other code.
ORIGIN OF DISABILITY CODES *(Full definitions are provided at the end of this section below.)*

  NA - No other code applies    HS - Hazardous Service               IN  - Instrumentality of War   RE - Radiation Exposure
  PH - Purple Heart Injury      SW - Performance of Duty Under       AO - Agent Orange              MG - Mustard Gas or
  AC - Armed Conflict                Conditions Simulating War       GW - Gulf War Service               Lewisite

d. YEAR DISABILITY WAS INCURRED *(YYYY)* *(Enter year of exposure for AO, GW, RE, and MG)*

e. WHERE THE DISABILITY WAS INCURRED *(Name of installation or vessel, State or Region, and Country or Body of Water)*

f. MILITARY UNIT TO WHICH YOU WERE ASSIGNED OR ATTACHED WHEN YOU INCURRED THE DISABILITY

g. BRIEFLY DESCRIBE THE DUTY YOU WERE PERFORMING WHEN YOU INCURRED THE DISABILITY. HOW WAS THE DISABILITY CAUSED BY THE COMBAT-RELATED CIRCUMSTANCES YOU ENTERED FOR ITEM c. ABOVE?

**COMPLETE ADDITIONAL BLOCKS OF ITEM 13 AS NECESSARY, OR PROCEED TO ITEMS 14 AND 15.**

**(2)**

a. (1) MEDICAL DIAGNOSIS CODE *(4 digit code of VA award)*

a. (2) PART OF BODY AFFECTED AND NATURE OF THE DISABILITY

b. CURRENT VA RATING OF THIS DISABILITY

c. ORIGIN OF DISABILITY CODE *(see list below)*. Select the ONE code that BEST describes the circumstances under which the disability was incurred. If it applies, use Purple Heart (PH) in preference to any other code.
ORIGIN OF DISABILITY CODES *(Full definitions are provided at the end of this section below.)*

  NA - No other code applies    HS - Hazardous Service               IN  - Instrumentality of War   RE - Radiation Exposure
  PH - Purple Heart Injury      SW - Performance of Duty Under       AO - Agent Orange              MG - Mustard Gas or
  AC - Armed Conflict                Conditions Simulating War       GW - Gulf War Service               Lewisite

d. YEAR DISABILITY WAS INCURRED *(YYYY)* *(Enter year of exposure for AO, GW, RE, and MG)*

e. WHERE THE DISABILITY WAS INCURRED *(Name of installation or vessel, State or Region, and Country or Body of Water)*

f. MILITARY UNIT TO WHICH YOU WERE ASSIGNED OR ATTACHED WHEN YOU INCURRED THE DISABILITY

g. BRIEFLY DESCRIBE THE DUTY YOU WERE PERFORMING WHEN YOU INCURRED THE DISABILITY. HOW WAS THE DISABILITY CAUSED BY THE COMBAT-RELATED CIRCUMSTANCES YOU ENTERED FOR ITEM c. ABOVE?

DD FORM 2860 TEST, MAY 2003                                                                Page 3 of _____ Pages

## CIRCUMSTANCES UNDER WHICH A DISABILITY IS INCURRED

**PURPLE HEART (PH)** - The disability resulted from an injury for which you were awarded the Purple Heart. This should be associated with an incident involving armed conflict. Be sure to include a copy of your Purple Heart award certificate and/or your DD 214 reflecting the award.

**DIRECT RESULT OF ARMED CONFLICT (AC)** - The disability was incurred in the line of duty as a direct result of armed conflict. The fact that a member incurred the disability during a period of war or an area of armed conflict or while participating in combat operations is not sufficient to support a combat-related determination. There must be a definite causal relationship between the armed conflict and the resulting disability. Armed conflict includes a war, expedition, occupation of an area or territory, battle, skirmish, raid, invasion, rebellion, insurrection, guerrilla action, riot, or any other action in which Service members are engaged with a hostile or belligerent nation, faction, force, or terrorists. Armed conflict may also include such situations as incidents involving a member while interned as a prisoner of war or while detained against his or her will in custody of a hostile or belligerent force or while escaping or attempting to escape from such confinement, prisoner of war, or detained status.

**WHILE ENGAGED IN HAZARDOUS SERVICE (HS)** - Such service includes, but is not limited to, aerial flight, parachute duty, demolition duty, experimental stress duty, and diving duty. A finding that a disability is the result of such hazardous service requires that the disability be the direct result of actions taken in the performance of such service. Travel to or from such service, or actions incidental to a normal duty status not considered hazardous are not included.

**IN THE PERFORMANCE OF DUTY UNDER CONDITIONS SIMULATING WAR (SW).** - In general this covers disabilities resulting from military training, such as war games, practice alerts, tactical exercises, airborne operations, leadership reaction courses, grenade and live fire weapons practice, bayonet training, hand-to-hand combat training, repelling, and negotiation of combat confidence and obstacle courses. It does not include physical training activities such as calisthenics and jogging or formation running and supervised sports activities.

**INSTRUMENTALITY OF WAR (IN)** - Incurrence during an actual period of war is not required. However, there must be a direct causal relationship between the instrumentality of war and the disability. The disability must be incurred incident to a hazard or risk of the service. An instrumentality of war is a vehicle, vessel, or device designed primarily for Military Service and intended for use in such Service at the time of the occurrence or injury. It may also include such instrumentalities not designed primarily for Military Service if use of, or occurrence involving, such instrumentality subjects the individual to a hazard peculiar to Military Service. Such use or occurrence differs from the use or occurrence under similar circumstances in civilian pursuits. A determination that a disability is the result of an instrumentality of war may be made if the disability was incurred in any period of service as a result of such diverse causes as wounds caused by a military weapon, accidents involving a military combat vehicle, injury or sickness caused by fumes, gases, or explosion of military ordnance, vehicles, or material. For example, if a member is on a field exercise and is engaged in sporting activity and falls and strikes an armored vehicle, the injury will not be considered to result from the instrumentality of war (armored vehicle) because it was the sporting activity that was the cause of the injury, not the vehicle. On the other hand, if the individual was engaged in the same sporting activity and the armored vehicle struck the member, the injury would be considered the result of an instrumentality of war.

**AGENT ORANGE (AO), GULF WAR (GW), RADIATION EXPOSURE (RE), MUSTARD GAS OR LEWISITE (MG)** - These codes should be entered for disabilities awarded by the VA on the basis of presumptions relating to certain disabling conditions described below, even though there is no direct connection and the disability did not occur immediately. You should describe the place, period, and conditions of exposure. These conditions include exposure to Agent Orange, radiation, mustard gas or lewisite, and Gulf War service.

**NO OTHER CODE APPLIES (NA)** - None of the other codes above describe the circumstances under which this disability was incurred.

| SECTION IV - DOCUMENTATION SUBMITTED |
|---|
| **14. CHECK EACH SUPPORTING DOCUMENT YOU ARE PROVIDING.**<br>    Submit clean legible copies - DO NOT SEND ORIGINALS, SINCE THEY WILL NOT BE RETURNED. |
| a. DD Forms 214/215 (especially if for retirement and/or your retirement orders). |
| b. Uniformed Service retirement documents and forms; especially any that show combat-related findings made at time of retirement. |
| c. Purple Heart citation and orders. |
| d. VA rating decisions. |
| e. Reserve Retirement and Point Documentation. |
| f. Uniformed Service disability decisional document. |
| g. Other Documents *(such as assignment orders, military/uniformed service and VA medical records showing dates disabilities were incurred and any document describing the circumstances in which the disability was incurred)*. If you have more than 7 other documents, list them on a separate sheet of paper and for Item (7) enter "See Additional Sheet". |
| (1) |
| (2) |
| (3) |
| (4) |
| (5) |
| (6) |
| (7) |

| SECTION V - CERTIFICATION AND WAIVER OF SEVERELY DISABLED SPECIAL COMPENSATION |
|---|
| **15. COMPLETE THIS SECTION TO ENABLE THE FINANCE CENTER TO MAKE ANY CRSC PAYMENTS YOU QUALIFY TO RECEIVE.**<br><br>a. I understand that if I am eligible for both Special Compensation for Certain Severely Disabled Uniformed Services Retirees (SCSD) under 10 U.S.C. 1413 and Special Compensation for Certain Combat-Related Disabled Uniformed Service Retirees under 10 U.S.C. 1413a (CRSC), I may not receive both, but must elect which to receive.<br>**NOTE: The Finance Center will make the election to pay you the greater of the two amounts and will notify you and allow you approximately 45 days to change the election if you so desire.**<br><br>b. I understand that if my election results in any retroactive payments, any previously paid amounts of SCSD or CRSC for that period of time will be deducted from any amount due for that period.<br><br>c. Under penalties of perjury, the information provided above is true to the best of my knowledge and belief and provided with the full knowledge of the penalties for making false statements (18 U.S.C. 287 and 1001 provide for a penalty of not more than $10,000 fine, or 5 years in prison, or both; 31 U.S.C. 3279 provides civil penalties; and 31 U.S.C. 3802 provides administrative penalties).<br><br>d. I hereby understand that payments will be deposited to my account of record for Uniformed Services retired pay if I am currently receiving such payments. Otherwise, they will be made to the account of record for my VA disability compensation. After payments begin, I must advise the finance center of any changes to my account. |

| e. PRINTED NAME *(Last, First, Middle Initial)* | f. SSN |
|---|---|
| g. SIGNATURE | h. DATE SIGNED *(YYYYMMDD)* |

DD FORM 2860 TEST, MAY 2003                                                                                                          Page 5 of _____ Pages

STATE OF CALIFORNIA
OFFICE OF THE ADJUTANT GENERAL
9800 Goethe Road
Sacramento, CA  95826-9101

ORDERS 58-1088                                              27 February 2001

POPE LEROY DENNIS ▇▇▇▇▇▇▇2  SFC  DET 5 STARC ( R & R )
(8AYA5) (A13) CA ARNG 9800 GOETHE ROAD SACRAMENTO CA  95826-9101

You are discharged from the Army National Guard and assigned to
the component indicated on the day following the effective date.

Reserve Assignment: USAR Control Group (The Retired Reserve)
Effective Date: 12 SEP 2000
Type of Discharge: Honorable
Additional Instructions: Re-code(3) Records will be closed out
and forwarded as required by NGR 600-200.
   ASG-LOSS-RSN: CC        CHAR-SEP: A        CURR-ORG-IDENT: V

FOR ARNG/ARMY USE
AUTH: Section 260 Calif M/VC and Paragraph 8-27u, NGR 600-200.
HOR: 1886 DENWALL DRIVE  CARSON  CA  90746
   VOTAG date cfm 12 SEP 2000
Format: 510
BY ORDER OF THE GOVERNOR:


DISTRIBUTION:                    TAROLD H. SCOTT
E                                COL, GS FI CA ARNG
                                 Director, Military Personnel

101

| CAUTION: NOT TO BE USED FOR IDENTIFICATION PURPOSES | THIS IS AN IMPORTANT RECORD SAFEGUARD IT | ANY ALTERATIONS IN SHADED AREAS RENDER FORM VOID |

## CERTIFICATE OF RELEASE OR DISCHARGE FROM ACTIVE DUTY

| 1. NAME (Last, First, Middle) | 2. DEPARTMENT, COMPONENT AND BRANCH |
|---|---|
| POPE, LEROY DENNIS | ARMY/ARNG |

| 4.a GRADE, RATE OR RANK | 4.b PAY GRADE | 5. DATE OF BIRTH (YYYYMMDD) | 6. [REDACTED] |
|---|---|---|---|
| SFC | E7 | 19560525 | Year 2000 Month 09 Day 12 |

| 7.a PLACE OF ENTRY INTO ACTIVE DUTY | 7.b HOME OF RECORD AT TIME OF ENTRY (City and State, or complete address if known) |
|---|---|
| LOS ANGELES, CALIFORNIA | 1886 DENWALL DRIVE CARSON, CALIFORNIA 90746 |

| 8.a LAST DUTY ASSIGNMENT AND MAJOR COMMAND | 8.b STATION WHERE SEPARATED |
|---|---|
| DET 5, STARC, HQ(-) STARC | COMPTOM, CALIFORNIA |

| 9. COMMAND TO WHICH TRANSFERRED | 10. SGLI COVERAGE [X] |
|---|---|
| CALIFORNIA ARMY NATIONAL GUARD | Amount: 200,000 |

11. PRIMARY SPECIALTY (List number, title and years and months in specialty. List additional specialty numbers and titles involving periods of one or more years.)

73C2O FINANCE SPECIALIST 8 YRS 10 MOS//
00E4O RECRUITER 5 YRS//
79T40 RECRUITING & RETENTION NCO 4 YRS 11 MOS
//NOTHING FOLLOWS//

| 12. RECORD OF SERVICE | Year(s) | Month(s) | Day(s) |
|---|---|---|---|
| a. Date entered AD This Period | 1990 | 09 | 27 |
| b. Separation Date This Period | 2000 | 08 | 31 |
| c. Net Active Service This Period | 0009 | 11 | 04 |
| d. Total Prior Active Service | 0004 | 00 | 00 |
| e. Total Prior Inactive Service | 0011 | 01 | 29 |
| f. Foriegn Service | 0000 | 11 | 28 |
| g. Sea Service | 0000 | 00 | 00 |
| h. Effective Date of Pay Grade | 1990 | 09 | 08 |

13. DECORATIONS, MEDALS, BADGES, CITATIONS AND CAMPAIGN RIBBONS AWARDED OR AUTHORIZED (All periods of service)
USMC GOOD CONDUCT MEDAL (2ND AWARD)//RIFLE BADGE (MARKSMAN)//PISTOL BADGE (MARKSMAN)//NATION DEFENSE SERVICE RIBBON//ARMY GGOD CONDUCT MEDAL//ARMED FORCES RESERVE MEDAL//MASTER RECRUITER BADGE//DRIVER BADGE W/WHEEL BAR//NOTHING FOLLOWS//

14. MILITARY EDUCATION (Course title, number of weeks and month and year completed)
USMC PRIMARY NCO SCHOOL 10 WEEKS 1977//USMC SQUAD TACTICS 1 WEEK 1976//BASIC RECRUITERS COUR 3 WEEKS 1991//BASIC NON-COMMISSIONED OFFICER COURSE 2 WEEKS 1983//RETENTION NCO COURSE 1 WEE 1995//NOTHING FOLLOWS//

| 15.a MEMBER CONTRIBUTED TO POST-VIETNAM ERA VETERAN'S EDUCATIONAL ASSISTANCE PROGRAM | Yes | No X | 15.b HIGH SCHOOL GRADUATE OR EQUIVALENT | Yes X | No | 16. DAYS ACCRUED LEAVE PAID 58.5 |

17. MEMBER WAS PROVIDED A COMPLETE DENTAL EXAM AND ALL APPROPRIATE DENTAL SERVICES AND TREATMENT WITHIN 90 DAYS PRIOR TO SEPARATION | Yes X | No |

18. REMARKS
DATA HEREIN SUBJECT TO COMPUTER MATCHING WITHIN DOD OR WITH OTHER AGENCIES FOR VERIFICATION PURPOSES AND DETERMINING ELIGIBILITY OR COMPLIANCE FOR FEDERAL BENEFITS//NOTHING FOLLOWS//

| 19.a MAILING ADDRESS AFTER SEPARATION (Include Zip Code) | 19.b NEAREST RELATIVE (Name and address - include Zip Code) |
|---|---|
| 1886 DENWALL DRIVE CARSON, CA 90746 | MICHELLE L. POPE 1886 DENWALL DR, CARSON, CA 90746 |

20. MEMBER REQUESTS COPY 6 BE SENT TO CA DIR OF VET AFFAIRS [X] Yes [ ] No
22. OFFICIAL AUTHORIZED TO SIGN (Typed name, grade, title and signature)
BONNIE J. GRIFFIS, ITC, AG, AGR Manager

21. SIGNATURE OF MEMBER BEING SEPARATED
SOLDIER NOT AVAILABLE FOR SIGNATURE

### SPECIAL ADDITIONAL INFORMATION (for use by authorized agencies only)

| 23. TYPE OF SEPARATION | 24. CHARACTER OF SERVICE (Include upgrades) |
|---|---|
| SEPARATION | GENERAL, UNDER HONORABLE CONDITIONS |

| 25. SEPARATION AUTHORITY | 26. SEPARATION CODE | 27. REENTRY CODE |
|---|---|---|
| AR 635-200, 14-12b | JKA | RE-3 |

28. NARRATIVE REASON FOR SEPARATION
MISCONDUCT

29. DATES OF TIME LOST DURING THIS PERIOD
NONE

30. MEMBER REQUESTS COPY 4
Initials

DD Form 214-AUTOMATED, NOV 88        Previous editions are obsolete.        SERVICE - 8

102

Army Regulation 15–180

Boards, Commissions, and Committees

# Army Discharge Review Board

Headquarters
Department of the Army
Washington, DC
20 March 1998

**UNCLASSIFIED**

# SUMMARY of CHANGE

AR 15-180
Army Discharge Review Board

This change 1--

o  Issues the current address of the Army Discharge Review Board.

o  Removes the Secretary Recorder Branch.

o  Adds to the responsibilities of the Secretary Recorder.

o  Removes reference to an administrative specialist and to special standards.

104

Headquarters
Department of the Army
Washington, DC
20 March 1998

*Army Regulation 15–180

Effective 20 April 1998

Boards, Commissions, and Committees

# Army Discharge Review Board

By Order of the Secretary of the Army:

Robert M. Walker
*Acting Secretary of the Army*

**History.** Army Regulation 15–180 was revised on 15 October 1984. This printing publishes Change 1. This publication has been reorganized to make it compatible with the Army electronic publishing database. No content has been changed.

**Summary.** This regulation governs the actions and composition of the Army Discharge Review Board (ADRB) under Public Law 95–126; Title 10, United States Code (USC) Section 1553; and Department of Defense (DOD) Directive 1332.28. It governs applications and ADRB motions for discharge review, public inspection, copying, and distribution of ADRB documents through the Armed Forces Discharge Review/Correction Board Reading Room; preparing decisional documents and index entries; and processing complaints regarding them.

**Applicability.** This regulation applies to the Active Army and the US Army Reserve. It also applies to former members of the Army National Guard (ARNG) concurrently discharged from the ARNG and Reserve of the Army.

**Proponent and exception authority.** The proponent of this regulation is the Assistant Secretary of the Army for Manpower and Reserve Affairs. The proponent has the authority to approve exceptions to this regulation that are consistent with controlling law and regulation. Proponents may delegate this approval authority, in writing, to a division chief in the proponent agency in the grade of colonel or the civilian equivalent.

**Army management control process.** This regulation does not contain management control provisions.

**Supplementation.** Supplementation of this regulation and establishment of command and local forms are prohibited without prior approval from the Executive Secretary, Army Discharge Review Board (SFMR–RBD), 1941 Jefferson Davis Highway, Arlington, VA 22202–4508.

**Interim changes.** Interim changes to this regulation are not official unless they are authenticated by The Adjutant General. Users will destroy interim changes on their expiration dates unless sooner superseded or rescinded.

**Suggested Improvements.** Users are invited to send comments and suggested improvements on DA Form 2028 (Recommended Changes to Publications and Blank Forms) to Executive Secretary, Army Discharge Review Board (SFMR–RBD), 1941 Jefferson Davis Highway, Arlington, VA 22202–4508.

**Distribution.** Distribution of this publication is made in accordance with initial distribution number (IDN) 093137, intended for command levels D and E for Active Army, Army National Guard of the U.S., and U.S. Army Reserve.

**Contents** (Listed by paragraph and page number)

Purpose • 1, *page 1*
Explanation of terms • 2, *page 1*
Composition and responsibilities • 3, *page 1*
(Rescinded) • 4, *page 1*

**Appendixes**

A. References, *page 2*

B. Department of Defense Directive 1332.28; Discharge Review Board Procedures and Standards, *page 3*

*This regulation supersedes AR 15–180, 15 November 1978.

AR 15–180 • 20 March 1998

UNCLASSIFIED

i

```
                                              Aug 11, 82#
                                              1332.28 (Encl 3)


                     DISCHARGE REVIEW PROCEDURES


    A.  APPLICATION FOR REVIEW.

        1.  General.  Applications shall be submitted to the
    appropriate DRB on DD Form 293, "Application for Review of
    Discharge or Separation from the Armed Forces of the United
    States," with such other statements, affidavits, or documenta-
    tion as desired.  It is to the applicant's advantage to submit
    such documents with the application or within 60 days there-
    after in order to permit a thorough screening of the case.  The
    DD Form 293 is available at most DoD installations and regional
    offices of the Veterans Administration, or by writing to:

            DA Military Review Boards Agency
            Attention: SFBA (Reading Room)
            Room 1E520
            The Pentagon
            Washington, D.C. 20310

        2.  Timing.  A motion or request for review must be made
    within 15 years after the date of discharge or dismissal.

        3.  Applicant's responsibilities.  An applicant may request
    a change in the character of or reason for discharge (or both).

*           a.  Character of discharge.  Block 7 of DD Form 293           *
    provides an applicant an opportunity to request a specific
    change in character of discharge (for example, General Discharge
    to Honorable Discharge; Other than Honorable Discharge to
*   General or Honorable Discharge).#  A person separated on or      CH */
*   after 1 October 1982 while in an entry level status may request       *
*   a change from Other than Honorable Discharge to Entry Level           *
*   Separation.  A request for review from an applicant who does          *
    not have an Honorable Discharge shall be treated as a request
    for a change to an Honorable Discharge unless the applicant
    requests a specific change to another character of discharge.

*           b.  Reason for discharge.  Block 7 of DD Form 293              *
    provides an applicant an opportunity to request a specific
    change in the reason for discharge.  If an applicant does not
    request a specific change in the reason for discharge, the DRB
    shall presume that the request for review does not involve a
    request for change in the reason for discharge.  Under its
    responsibility to examine the propriety and equity of an appli-
    cant's discharge, the DRB shall change the reason for discharge
    if such a change is warranted.

            c.  The applicant must ensure that issues submitted to
    the DRB are consistent with the request for change in discharge
*   set forth in block 7 of the DD Form 293.  If an ambiguity is           *


    #First Amendment (Ch 1, 1/26/83)
```

Figure B–1. Department of Defense Directive 1332.28; Discharge Review Board Procedures and Standards—Continued

Aug 11, 82#
1332.28 (Encl 3)

&ast;
&ast;    created by a difference between an applicant's issue and the
request in block 7, the DRB shall respond to the issue in the
context of the action requested in block 7. In the case of a
hearing, the DRB shall attempt to resolve the ambiguity under
section 5., below.

4. <u>Request for consideration of specific issues</u>. An applicant may request the DRB to consider specific issues which, in the opinion of the applicant, form a basis for changing the character of or reason for discharge, or both. In addition to the guidance set forth in this section, applicants should consult the other sections in this enclosure (particularly sections C., D., and E.) and enclosures 4 and 5 before submitting issues for consideration by the DRB.

    a. <u>Submission of issues on DD Form 293</u>. Issues must be provided to the DRB on DD Form 293 before the DRB closes the review process for deliberation.

        (1) <u>Issues must be clear and specific</u>. An issue must be stated clearly and specifically, in order to enable the DRB to understand the nature of the issue and its relationship to the applicant's discharge.

        (2) <u>Separate listing of issues</u>. Each issue submitted by an applicant should be listed separately. Submission of a separate statement for each issue provides the best means of ensuring that the full import of the issue is conveyed to the DRB.

        (3) <u>Use of DD Form 293</u>. DD Form 293 provides applicants with a standard format for submitting issues to the DRB, and its use:

            (a) Provides a means for an applicant to set forth clearly and specifically those matters that, in the opinion of the applicant, provide a basis for changing the discharge;

            (b) Assists the DRB in focusing on those matters considered to be important by an applicant;

            (c) Assists the DRB in distinguishing between a matter submitted by an applicant in the expectation that it will be treated as a decisional issue under section E., below, and those matters submitted simply as background or supporting materials;

            (d) Provides the applicant with greater rights in the event that the applicant later submits a complaint under paragraph D.1.c., of enclosure 5, concerning the decisional document;

#First Amendment (Ch 1, 1/26/83)

Figure B–1. Department of Defense Directive 1332.28; Discharge Review Board Procedures and Standards—Continued