# In the United States Court of Federal Claims

**(No. 06-446C)**
**(Filed: July 31, 2007)**

| | | |
|---|---|---|
| **LEROY D. POPE,** Plaintiff, v. THE UNITED STATES, Defendant. | | **Subject Matter Jurisdiction; Failure to State a Claim Upon Which Relief Can Be Granted; Responsible Advocacy.** |

Jeffrey Dean Moffatt, 43625 North Sierra Highway, Suite A, Lancaster, CA 93534, for Plaintiff.

Anna B. Eley, U. S. Department of Justice, Civil Litigation Branch 1100 L Street, NW, Washington, D.C. 20530, for Defendant.

---

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

---

**WILLIAMS**, Judge

Plaintiff, a discharged member of the California National Guard, seeks review of a decision of the Army Discharge Review Board and asks this Court to reinstate him in the National Guard. Plaintiff additionally alleges that he was involved in a car accident in California while engaged in hazardous service for the Guard that left him disabled, entitling him to disability pay. Further, Plaintiff alleges that this injury occurred during a time of war and therefore merits combat-related compensation. Plaintiff seeks to recover $400,000 representing back pay, veterans' disability benefits, and compensation for due process violations, a Fifth Amendment taking, and an unspecified violation of the Uniform Code of Military Justice (UCMJ).

None of Plaintiff's claims are actionable in this Court. This Court lacks jurisdiction over claims for veterans' disability benefits as the governing statutory scheme establishes a detailed multi-tiered procedure for other fora to review such claims. This Court does not have jurisdiction over Plaintiff's claims for retirement benefits and compensation because Plaintiff has not requested a correction of his record from the Army Board for Correction of Military Records (ABCMR). This Court does not have jurisdiction over due process claims or the authority to reinstate Plaintiff to service in the California National Guard.

Plaintiff has failed to state a claim for which relief can be granted for violations of the Uniform Code of Military Justice because Plaintiff has not cited any provision of the UCMJ which he claims was violated or articulated sufficient facts to support such a claim. Additionally, Plaintiff has failed to state a claim for which relief can be granted for back pay under the Back Pay Act, 5 U.S.C. § 5596 (2000), which applies to federal civil service employees, not members of the Army National Guard. Finally, Plaintiff has failed to state a claim for which relief can be granted for a Fifth Amendment taking because Plaintiff's claimed retirement and disability benefits are not cognizable property interests.

## **Background**[1]

Plaintiff was serving in the California National Guard's AGR program[2] as a recruiter, when he was recommended for separation from that program. Compl. ¶ 20. On October 17, 1999, while Plaintiff was working as a recruiter he was involved in an automobile accident in California. Compl. ¶ 17,18. Plaintiff claims that accident left him with "severe bulging discs" in his back, thus leaving him disabled. Compl. ¶ 25. At the time of the accident, Plaintiff was driving a government-owned vehicle which he used in the course of his duties as a recruiter. Compl. ¶ 17,18. In April 2000, Plaintiff's commanding officer, Lieutenant Colonel Daniel T. Smith, recommended to the Adjutant General of the California National Guard[3] that Plaintiff be separated from the AGR program for

---

[1] This background is derived from Plaintiff's Complaint, Defendant's Motion to Dismiss, and Plaintiff's Opposition to Defendant's Motion to Dismiss. The Court does not make findings of fact.

[2] The AGR contains Army National Guard members and reservists serving in a full-time active duty capacity. <u>See</u> 10 U.S.C. §§ 12301, 12310. While on active duty, service members are paid pursuant to 37 U.S.C. § 204(a)(1), while non-AGR members of the of the National Guard and the United States Army are paid pursuant to 37 U.S.C. §§ 206(a)(1), 206(a)(2). <u>See</u> <u>Martinez v. United States</u>, 333 F.3d 1295, 1310 n.3 (Fed. Cir. 2003) ("Service members on active duty are entitled to basic pay pursuant to 37 U.S.C. § 204(a), while reservists are paid only for the drills and training they actually attend . . . .").

[3] The Adjutant General is the senior officer in the California National Guard and is responsible for implementing policies and procedures for managing AGR soldiers in the California National Guard, consistent with Army and National Guard Bureau policy. Def.'s Mot. to Dismiss,

recruiting improprieties, abusing government vehicle privileges, and having sexual relations with an applicant. Compl. ¶ 20. The facts surrounding these allegations are not explained by Plaintiff. What is clear is that Plaintiff was separated from the AGR program on August 31, 2000, and subsequently transferred to the California Army National Guard in a non-active duty status. Compl. ¶ 4; Def.'s Mot. to Dismiss, App. 101-102. On September 12, 2000, Plaintiff was transferred to the retired reserve with an honorable discharge. Id. at 101.

On May 7, 2001, Plaintiff filed an action in the United States District Court for the Central District of California against the California National Guard, seeking compensation for his claimed wrongful involuntary separation from the AGR program, Pope v. California Army National Guard, et al, No. 01-04163. Def.'s Mot. to Dismiss, App. 29-42. On July 24, 2001, Plaintiff filed an amended complaint adding an allegation that he was denied medical treatment for an injury in an automobile accident. Id. at 46-64. During the District Court proceedings Plaintiff appeared pro se and did not respond to the Government's motion to dismiss. Def.'s Mot. to Dismiss, App. 65-91. On August 13, 2001, the California National Guard filed a motion to dismiss and, on September 28, 2001, the District Court granted the California National Guard's motion to dismiss with prejudice. Id. at 65-91.[4] Plaintiff filed his complaint before this Court on June 6, 2006.

## Discussion

Defendant moves to dismiss this action for lack of subject matter jurisdiction under RCFC 12(b)(1) and for failure to state a claim upon which relief may be granted under RCFC 12(b)(6).

When deciding a motion to dismiss under RCFC 12(b)(1) the Court assumes all factual allegations to be true and construes "all reasonable inferences in plaintiff's favor." Hall v. United States, 74 Fed. Cl. 391, 393 (2006) (quoting Henke v. United States, 60 F.3d 795, 797 (Fed. Cir. 1995)). Plaintiff must establish subject matter jurisdiction by a preponderance of the evidence. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988).

When deciding a motion to dismiss under RCFC 12(b)(6) the Court "accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in favor of the plaintiff." Holland v. United States, 59 Fed. Cl. 735, 738 (2004). "Dismissal under RCFC 12(b)(6) for failure to state a claim upon which relief can be granted is appropriate when the facts as alleged in the complaint do not entitle the plaintiff to a legal remedy." Id.; Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) ("[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.").

---

App. 3.

[4] The record does not indicate the grounds for the District Court's dismissal.

**Jurisdiction**

The Tucker Act, 28 U.S.C. § 1491, grants jurisdiction to the Court of Federal Claims over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2000). "The Tucker Act itself does not create a substantive cause of action." Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005). Rather, a "plaintiff must identify a separate source of substantive law that creates the right to money damages." Id. The source of law must be money-mandating. Id. If the particular source identified is not money-mandating, the Court must dismiss the claim for lack of subject-matter jurisdiction. Adair v. United States, No. 2006-5077 (July 30, 2007).

**Veterans' Disability Benefits Claim**

Plaintiff is seeking veterans' disability benefits as a result of medical disabilities resulting from a car accident while he was on active duty with the National Guard. Compl. ¶ 6.

Veterans health and disability benefits are administered by the Department of Veterans Affairs (VA). 38 U.S.C. § 1710 (2000). To begin the claims process, a servicemember must file a veterans' disability benefits application with the Secretary of the VA. 38 U.S.C. § 5101(a) (2000). The claim will then be decided by the cognizant VA regional office. 38 U.S.C. § 511 (2000). The decision made by the VA regional office is "subject to one review on appeal to the Secretary." 38 U.S.C. § 7104(a) (2000). "Final decisions on such appeals shall be made by the Board [of Veteran's Appeal.]" Id. If the claimant believes that a Board of Veteran's Appeal decision is in error, the claimant may appeal the decision to the Court of Appeals for Veterans Claims. 38 U.S.C. §7252(a) (2000). See Hicks v. Veterans Admin., 961 F.2d 1367, 1369 (8th Cir. 1992); Van Allen v. United States, 66 Fed. Cl. 294, 295-96 (2005). Any party may obtain review of the decision of the Court of Appeals for Veterans Claims by filing an appeal directly with the Court of Appeals for the Federal Circuit, which has exclusive jurisdiction over such matters. 38 U.S.C. § 7292(a), (c) (2000). Because statute specifies the fora where Plaintiff may seek redress for the denial of his disability benefits and this Court is not among them, this Court lacks jurisdiction over Plaintiff's claims for veterans' disability benefits.

Plaintiff also argues that he is entitled to combat-related special compensation under 10 U.S.C. § 1413(a) because his car accident of October 19, 1999, occurred during a time of war. Compl. ¶ 8. Plaintiff alleges:

> On Oct. 12, 2000, the guided missile destroyer USS Cole pulled into [the] harbor for refueling in Aden, Yemen. Less than two hours later, suicide bombers . . . approached the ship's port side in a small inflatable craft laden with explosives and blew a 40-by-40 foot gash in it, killing 17 sailors and injuring 39 others. If Petitioner would

> have been given his requested due process hearings, in 2000, he would have still been in the Military as of the Cole Bombing, which started the war on terror we, in the United States, have entered a war footing on. . . .

Compl. ¶ 7. The statute on which Plaintiff relies, 10 U.S.C. § 1413, repealed by Act Nov. 24, 2003, P.L. 108-136, entitled retired members of the armed forces to additional disability retirement pay if the disability was combat-related. Aside from the above, Plaintiff has not alleged any facts indicating the United States was at war on October 17, 1999, the date of his accident, or that Plaintiff was engaged in combat activities while driving the vehicle as an army recruiter in California. Plaintiff has failed to state a claim upon which relief may be granted for special combat-related compensation.

**Military Disability Retirement Status and Pay**

Plaintiff also seeks disability retirement pay, presumably from back injuries he sustained in the accident. Compl. ¶ 25; Compl. ¶ 11. The complaint states:

> Petitioner was serving on Active service as a reservist, and since Petitioner was disabled in the Line of Duty Veterans Benefits should be available to Petitioner. . . . Given that the country was preparing to enter a war footing, at the date of Petitioner's injury and later discharge, Petitioner will argue that this discharge occurred during a time of War. War was planned according to the Downing Street Memo as well as the Federal Energy Regulatory Commission. Decision documents planning for a takeover of Iraq, signed well before 8/2001, since the policy was discussed 5/17/2001, and the private discussions were made before the public statement in May.

Compl. ¶ 4.[5]

10 U.S.C. § 1201 governs a servicemember's disability pay and retirement, stating in pertinent part:

> Upon a determination by the Secretary concerned that a member . . . is unfit to perform the duties of the member's office, grade, rank, or rating because of physical disability incurred while entitled to basic pay. . ., the Secretary may retire the member, with retired [disability] pay . . . .

[5] Plaintiff does not identify the referenced Downing Street Memo or Federal Energy Regulatory Commission documents, provide any citation, or explain what they are.

10 U.S.C. § 1201(a) (2000). The Secretary of the service may make these fitness and disability retirement determinations through retirement boards, stating that:

> The Secretary of a military department may correct any military record of the Secretary's department when the Secretary considers it necessary to correct an error or remove an injustice. . . . [S]uch corrections shall be made by the Secretary acting through boards of civilians of the executive part of that military department. . . .

10 U.S.C. § 1552(a)(1). As the Court explained in Friedman v. United States, 310 F.2d 381, 396 (Ct. Cl. 1962), in the context of Section 1201, "Congress has entrusted the military boards with the task of determining whether a serviceman should be retired for disability and therefore . . . no cause of action arises (and the statute of limitations does not run) until a proper board has acted or declined to act." See also Chambers v. United States, 417 F.3d 1218, 1225 (Fed. Cir. 2005) ("[T]he Court of Federal Claims has no jurisdiction over disability retirement claims until a military board evaluates a service member's entitlement to such retirement in the first instance.").

Here, Plaintiff must first apply to the Army Board for Correction of Military Records (ABCMR) to pursue his disability retirement claims. 10 U.S.C. § 1552(a)(1). However, Plaintiff has not alleged that he requested disability retirement pay from the ABCMR or that the ABCMR denied or refused to consider his claim.[6] As such, this Court does not have jurisdiction over Plaintiff's disability retirement pay claim.

**Violations of the Uniform Code of Military Justice**

Plaintiff purports to seek compensation for alleged violations of the Uniform Code of Military Justice, but his claims are indecipherable. Plaintiff's complaint states:

> 12. JURISDICTION FOR ADVERSE ACTIONS UNDER THE UCMJ
>
> Under Burns v. Wilson, 346 U.S. 137 (1953), since Petitioner has exhausted all of his administrative remedies, and the VA denied Petitioner's case in June 2006, the Court of Federal Claims may entertain collateral attack for adverse actions taken under the Uniform Code of Military Justice.

Compl. ¶ 12. Plaintiff also makes several references to "sham non-judicial separation proceedings." Compl. ¶¶ 20, 21. For example, the complaint states:

---

[6] Defendant has represented that Plaintiff has never sought correction of his records or disability retirement from the ABCMR. Def.'s Mot. to Dismiss at 10.

> On or about 6 April 2000, LTC. Daniel T. Smith Recruiting Commander . . . forwarded DA form 2823 Separation papers sworn statement to COL. Weir, who acted as the presiding military judge for a sham non-judicial Separation proceedings of SFC. Pope.

Compl. ¶ 20. Plaintiff has not provided any further factual underpinning for this allegation.

Such vague, cryptic allegations do not articulate a claim arising under the UCMJ in that they fail to specify what conduct allegedly violated the UCMJ and, what action was taken against Plaintiff under the UCMJ. As such, Plaintiff has failed to state a claim for which relief can be granted for violation of the UCMJ.

**Back Pay Act**

Plaintiff was separated from the AGR program on August 31, 2000, and on September 12, 2000, was transferred to the retired reserve with an honorable discharge. Id. at 101. Plaintiff asserts a claim for back pay under the Back Pay Act, 5 U.S.C. § 5596. Compl. ¶ 9. However, the Back Pay Act applies to civil service agency employees, not members of the National Guard. As such, Plaintiff has not stated a claim for which relief can be granted under the Back Pay Act.

**Reinstatement to National Guard**

Plaintiff alleges: "This Petition is to correct/reinstate military records for Separation of SFC. Pope retroactive effective 31 August 2000, wherein the above depiction has merit and shows injustices toward SFC. Pope."[7] Compl. ¶ 30. To the extent Plaintiff is seeking reinstatement into the military, this Court lacks the authority to grant such relief. See Orloff v. Willoughby, 345 U.S. 83, 94 (1953) ("While the courts have found occasion to determine whether one has been lawfully inducted and is therefore within the jurisdiction of the Army and subject to its orders, we have found no case where this Court has assumed [jurisdiction] to revise duty orders as to one lawfully in the service."); Murphy v. United States, 993 F.2d 871, 874 (Fed. Cir. 1993) ("The merits of the Air Force's decision to release [this officer] from active duty are beyond judicial reach . . ."); Heisig v. United States, 719 F.2d 1153, 1156 (Fed.Cir. 1983) ("[R]esponsibility for determining who is fit or unfit to serve in the armed services is not a judicial province . . . .").

Plaintiff also relies on the Administrative Procedure Act (APA), 5 U.S.C. §§ 701-706, as a mechanism for securing reinstatement to the Guard by this Court. The complaint states:

> Court review of an Army Discharge Review Board, may be reviewed under the standards of the Administrative Procedure Act (arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law and unsupported by substantial evidence on the whole

---

[7] It is unclear to what the "above depiction" refers.

> record; contrary to constitutional right, power, privilege, or immunity; in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; without observance of procedure required by law) in the U.S. Court of Federal Claims[.] 28 U.S.C.S. 1346 (a)(2) ("Little Tucker Act["]) and 149(a)(1) ("Big Tucker Act"). . . .

Compl. ¶ 1. This Court lacks both the jurisdiction to consider claims under the APA, and the authority to reinstate Plaintiff into the Guard. 5 U.S.C. §§ 701-706; Lawrence v. United States, 69 Fed. Cl. 550, 554 (2006).

**Due Process and Takings Claims**

Plaintiff contends that he has been denied his Due Process rights under the Fifth and Fourteenth amendments to the United States Constitution. Specifically he claims:

> Petitioner being discharged without being provided a proper hearing. Petitioner has also been denied his First Amendment rights freedom of expression and freedom of association. Petitioner has also been denied his Constitutional rights, by the unlawful taking of Petitioner's property including, but not limited to early retirement [and] disability benefits. . . .

Compl. ¶ 17. This is the entirety of Plaintiff's due process claims. Plaintiff does not explain why he was deprived of due process.

The Tucker Act, 28 U.S.C. § 1491, confers jurisdiction upon the United States Court of Federal Claims over cases in which a plaintiff has a claim against the United States for money damages. See Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc) ("[A] plaintiff must identify a separate source of substantive law that creates the right to money damages," i.e., a source which is "money-mandating.").

It is well established that a violation of the due process clause of the Constitution does not obligate the United States to pay money damages. Mullenberg v. United States, 857 F.2d 770, 773 (Fed. Cir. 1988). See also LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995) ("[The] complaint included counts alleging violation of . . . [the] Due Process Clauses of the Fifth and Fourteenth Amendments, the Equal Protection Clause of the Fourteenth Amendment, and the doctrine of separation of powers. None of these [were] a sufficient basis for jurisdiction [at the Court of Federal Claims] because they [did] not mandate payment of money by the government."). Accordingly, this Court lacks jurisdiction over Plaintiff's due process claim.

**Fifth Amendment Taking Claim**

Plaintiff alleges that the Government has effected an uncompensated taking of his retirement and disability benefits in violation of the Fifth Amendment. Compl. ¶ 17. The Fifth Amendment to the United States Constitution states:

> No person shall be . . . deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

U.S. Const. amend. V. However, Plaintiff's benefits are not property interests for purposes of the Takings Clause. Schism v. United States, 316 F.3d 1259, 1268 (Fed. Cir. 2002); Adams v. United States, 391 F.3d 1212, 1225 (Fed. Cir. 2004). As the Federal Circuit explained: "a statutory right to be paid money, at least in the context of federal employee compensation and benefit entitlement statutes, is not a property interest for purposes of the Takings Clause." Adams, 391 F.3d at 1225. Because Plaintiff has failed to allege a cognizable property interest, he has failed to state a claim for taking. Beres v. United States, 64 Fed. Cl. 403, 408 (2005).

**Responsible Advocacy**

The Court is constrained to note that once again counsel for Plaintiff has filed a complaint in this Court which, to borrow Judge Miller's characterization, is "deficient in almost every respect." Locke v. United States, No. 06-629T, slip op. at 1 (Fed. Cl. July 10, 2007). In Locke, Judge Miller took Plaintiff's counsel to task for filing papers containing egregious errors, stating:

> As an initial matter, the court is compelled to point out that the pleading and brief filed by plaintiffs' counsel were deficient in almost every respect. Some egregious errors include incorrect case citations; case names without any citations; statutes that have either been repealed or never existed; unclear and confusing facts purporting to support plaintiffs' claims; and arguments based entirely on conjecture.

Locke, No. 06-629T, slip op. at 1.

Similarly, counsel's filings in this matter were rambling, rife with errors, and purported to allege claims either patently beyond this Court's jurisdiction, or wholly without legal basis.[8]

---

[8] Plaintiff named the wrong defendant in this action. Moreover, it is obvious, upon even cursory legal research, that due process claims cannot be brought in this Court and that there is no basis here for a taking claim. Plaintiff's UCMJ claim is unfathomable. In addition, the complaint seeks special combat-related compensation for Plaintiff's driving a government vehicle in California as an Army recruiter -- duty he characterizes as hazardous. Plaintiff also claims that this country was

In Leshin v. United States, Judge Horn related a litany of errors in the complaint and summarily dismissed the action, stating:

> [T]he caption of the complaint was incorrect; the cited basis for the jurisdiction in this court was in part incorrect and otherwise unclear; the complaint contains case names without citations; the facts underlying the claim are unclear and confusing; the complaint states that tax levies were made against people referred to only by first names, not listed as plaintiffs, and not otherwise identified; the tax years at issue are unclear; the amount of and dates of the tax levy are unclear; and pertinent procedural history, including United States Tax Court activity, is omitted. Absent also is information that the taxes have been paid as required for jurisdiction in this court.
>
> The deficiencies in the instant complaint are too overwhelming for the complaint to stand.

No. 06-637T, slip op. at 1 (Fed. Cl. January 11, 2006)

Yet again, in Cherbanaeff v. United States, No. 06-640T, slip op. at 34 (Fed. Cl. July 12, 2007), another judge of this Court, Judge Firestone, expressed that Plaintiff's counsel was "burdening" the court with its defective filings, stating:

> It has come to the court's attention that counsel for the plaintiffs has filed similar cases in this court which have also been dismissed for lack of jurisdiction or for failure to state a claim. . . .Counsel would be wise to follow the admonition of Judge Miller in Locke, No. 06-629, slip op. at 15, not to file and burden the court with complaints containing the same jurisdictional defects.

Finally, a fourth complaint, containing similar errors and jurisdictional deficiencies was also dismissed for lack of jurisdiction and failure to state a claim by the undersigned this date. Janaskie v. United States, No. 06-602C (July 31, 2007). In light of the deficient filings in this action and the other four, this Court has referred this matter to the Chief Judge pursuant to Rule 83.2. See Janaskie, slip op. at 9-12.

---

at war on October 17, 1999, the date of Plaintiff's automobile accident, relying on undescribed documents -- the "Downing Street Memo" and "Federal Energy Regulatory Commission documents" without citation or explanation of what these documents are.

## Conclusion

1. Defendant's motion to dismiss is **GRANTED**.

2. The Clerk is directed to dismiss this action with prejudice.

s/Mary Ellen Coster Williams
**MARY ELLEN COSTER WILLIAMS**
**Judge**